IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | CASE NO. 14-02831als-7 |
| GRETTER AUTOLAND, INC., | Chapter 7 (Converted from Chapter 11) |
|     Debtor and Debtor in Possession, | Adversary No. 16-30001 |
| ROBERT G. SCHLEGEL, ESQ., In His Capacity as Chapter 7 Bankruptcy Trustee and Not Individually, | **ANSWER OF EDWARDS AUTO PLAZA, INC.** |
|     Plaintiff, | |
| v. | |
| BROWN, WINICK, GRAVES, GROSS, BASKERVILLE AND SCHOENEBAUM, PLC, | |
| and | |
| EDWARDS AUTO PLAZA, INC., | |
|     Defendants. | |

COMES NOW Edwards Auto Plaza, Inc. ("Edwards"), by and through counsel, and answers the "Complaint for Declaratory Relief" filed by the Chapter 7 Trustee for Gretter Autoland, Inc.

Edwards states and alleges as follows:

1. Edwards admits that this adversary proceeding has been filed and requests a declaration regarding the deposit made by Edwards.

2. Edwards admits the allegations contained in paragraph 2.

3. Edwards admits the allegations contained in paragraph 3.

4. Edwards admits the allegations contained in paragraph 4.

5. Edwards admits the allegations contained in paragraph 5.

6. Edwards denies that this Court has jurisdiction over this matter, in that the allegations made do not meet the requirements of the Declaratory Judgment Act.

7. Edwards denies that this matter is genuinely a core proceeding.

8. Edwards admits the allegations contained in paragraph 8, except denies that the Debtor actually operated until October 9, 2015.

9. Edwards admits the allegations contained in paragraph 9.

10. Edwards admits the allegations contained in paragraph 10.

11. Edwards admits the allegations contained in paragraph 11.

12. Edwards admits the allegations contained in paragraph 12.

13. Edwards admits the allegations contained in paragraph 13.

14. Edwards admits that upon conversion of the case such a letter was sent.

15. Edwards admits the allegations contained in paragraph 15.

16. Edwards admits the allegations contained in paragraph 16.

17. Edwards admits the allegations contained in paragraph 17.

18. Edwards admits the allegations contained in paragraph 18.

19. Edwards admits the allegations contained in paragraph 19.

20. Edwards admits the allegations contained in paragraph 20.

21. Edwards admits the allegations contained in paragraph 21.

22. Paragraph 22 merely repeats allegations made elsewhere in the Complaint and no response is required. To the extent any response is required with regard to paragraph 22, Edwards denies paragraph 22.

23. Edwards denies the allegations contained in paragraph 23, including subparts.

24. Edwards denies all other allegations contained in the Complaint except those specifically admitted herein.

25. Plaintiff's Complaint fails to state a cause of action and is subject to dismissal on that basis. In the interest of moving this matter forward toward expedited resolution, Edwards has decided not to file a pre-answer Motion to Dismiss, but reserves all rights.

26. Edwards affirmatively alleges that Plaintiff, due to the acts and omissions of Gretter Autoland, Inc., has unclean hands.

27. Plaintiff's allegations are barred pursuant to the doctrine of laches.

28. Plaintiff's allegations are barred pursuant to the doctrine of estoppel.

29. Plaintiff's allegations are barred due to a lack of consideration.

30. Plaintiff's allegations are barred due to misrepresentations by Gretter Autoland, Inc.

WHEREFORE, Edwards Auto Plaza, Inc., respectfully prays that the Court dismiss Plaintiff's Complaint for Declaratory Relief, enter an Order directing Brown Winick to return Edwards' deposit to Edwards, for Edwards' attorneys' fees to the extent authorized under applicable law, and for such other and further relief as the Court deems just and equitable under the circumstances.

Dated this 19th day of January, 2016.

EDWARDS AUTO PLAZA, INC.,
Defendant,

By: /s/ *Matthew V. Rusch*
Tiernan T. Siems, #IS9997650
Matthew V. Rusch, # IS9997652
ERICKSON | SEDERSTROM, P.C.
10330 Regency Parkway Drive
Omaha, NE 68114
(402) 397-2200
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2016, the foregoing document was filed electronically with the Clerk of Court using the Court's CM/ECF system, which sent notification to all individuals who requested such notice through the CM/ECF system.

/s/ *Matthew V. Rusch*